Action by John Hegman Day against Walter F. Duckworth. From so much of the order as refuses to vacate and set aside an execution against the person, defendant appeals. Reversed.

Argued before CONLAN and O'DWYER, JJ.

Epstein Bros., for appellant.

Samuel S. Watters, for respondent.

CONLAN, J. This is an appeal from so much of an order as refuses to vacate and set aside an execution against the person of the defendant. The plaintiff commenced an action on the 3d day of January, 1896, by the service of a summons, with notice, on the defendant. No complaint was served, but on January 11, 1896, plaintiff entered judgment against the defendant by default for the sum of $89.47. This judgment was entered by the clerk of the court, without application to the court. The judgment roll consisted of the summons, with notice and affidavit of service, complaint, and statement for judgment. Thereafter, and on March 12, 1896, an execution upon said judgment was issued against the person of the defendant to the sheriff of the county of Kings, and the defendant was arrested by the said sheriff, and was released by the payment to him by the defendant's father, James Day, of the sum of $104.47, the amount of such judgment and sheriff's fees.

The complaint alleges an agreement between plaintiff and the defendant to divide commissions on sales of real estate in the proportion of 60 to 20, the 20 per cent. to be paid over to the plaintiff. After alleging certain sales and the payment of the commissions to the defendant, the complaint charges that the defendant embezzled and converted the said 20 per cent. to his own use, and refused to pay over the same to the plaintiff. If the complaint is one in tort, the judgment having been entered without application to the court, the judgment and all subsequent proceedings should be set aside. If the complaint is simply on contract for money had and received, then the execution against the person of the defendant should be vacated. We are satisfied that the complaint is one on contract, and that the use of the words "embezzled" and "converted" is nothing more than a legal conclusion, and may be disregarded as surplusage. Segelken v. Meyer, 94 N. Y. 473; Cohn v. Beckhardt, 44 N. Y. St. Rep., 544, 18 N. Y. Supp. 84.

It follows, therefore, that the execution issued against the person of the defendant must be vacated, with costs, together with so much of said order as directs that the money collected by the sheriff shall stand and remain with said sheriff.

---

(17 Misc. Rep. 313)

## LOWENTHAL v. COPLAND.

(City Court of New York, General Term. June 30, 1896.)

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

     Where defendant did not move for a direction of a verdict in his favor, or for dismissal of the complaint, he cannot object on appeal that the evidence did not justify its submission to the jury.

Appeal from trial term.

Action by Annie Lowenthal against Harris M. Copland. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

Louis Steckler, for appellant.
Louis J. Vorhaus, for respondent.

O'DWYER, J. The action was brought to recover the amount of two promissory notes made by the defendant, and delivered for value to one Harris Ablowitch, who died before the commencement of this action. The plaintiff claims that, before his death, Mr. Ablowitch gave her the notes as a gift. The defendant insists that the plaintiff is not the owner of the notes; that the notes were not given to her by the owner; and, further, that no recovery can be had thereon by reason of an usurious agreement for interest thereon at a sum in excess of the legal rate of 6 per cent., to wit, 10 per cent. On the trial, the plaintiff, to sustain her cause of action, produced the notes, and they have been admitted in evidence; and she then offered her daughter (a young lady 16 years of age) as a witness, and this daughter testifies that she was present on or about May 29, 1895, the time when the deceased (who was the uncle of the plaintiff, and had resided with her for the $2\frac{1}{2}$ years next preceding his death) gave the notes in question to the plaintiff, and she heard Mr. Ablowitch say to her mother: "You have been very kind, and I present these [the notes] to you, to collect and keep for yourself." The defendant introduced evidence in his own behalf in support of both positions taken by him against the recovery by the plaintiff, to wit, that no gift had been made to the plaintiff, and that the notes were tainted with usury.

At the conclusion of the trial, the defendant failed to move for a direction of a verdict in his favor, or to dismiss the complaint; and this failure was a concession by the defendant that the evidence was sufficient to justify a finding for the plaintiff, and he cannot now, after taking his chance with the jury, question their verdict, upon the ground that the evidence did not justify a submission to them. However, if he had moved, we think the testimony of the daughter and the production of the notes made a case for the jury.

The appellant insists that the verdict is against the weight of evidence, and founded upon insufficient evidence. We do not think so. There was a conflict of evidence, and the court, in a proper charge, left the facts to the jury, to determine whether the plaintiff had sustained the burden of proof by a fair preponderance of evidence. The jury have decided that in favor of the plaintiff, and we cannot say, after a careful examination of the record, that the verdict is against the weight of evidence, or that it is not justified by a fair preponderance of evidence. The defendant, if he felt at all alarmed about being called upon to pay these notes a second

time, upon suit of the estate of Ablowitch, could have avoided that danger by an application for an interpleader at the time this action was commenced.

The judgment and order appealed from should be affirmed, with costs. All concur.